**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-3195-WJM

MICHAEL E. KELLEY,

     Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

     Defendant.

---

**ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE**

---

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g).

Plaintiff Michael E. Kelley ("Kelley") challenges the final decision of Defendant, the

Commissioner of Social Security ("Commissioner"), denying his application for

supplemental security income benefits.  The denial was affirmed by an administrative

law judge ("ALJ"), who ruled that Kelley was not disabled within the meaning of the

Social Security Act.  This appeal followed.

For the reasons set forth below, the ALJ's decision denying Kelley's application

for supplemental security income benefits is affirmed.

**I.  BACKGROUND**

Kelley was born on April 4, 1961, and was 50 years old on the alleged disability

onset date of December 9, 2011.  (Administrative Record ("R.") (ECF No. 8) at 185.)

Kelley's highest level of education was twelfth grade.  (R. at 110.)  Since 1994, he has

worked as a house painter, cabinetmaker, delivery driver and cashier for an auto parts

store, painter and general laborer for a home remodeling business, and carpenter's

helper for a woodworking business.  (R. at 198.)

Kelley applied for supplemental security income on March 6, 2012, with a

protective filing date of February 15, 2012.  (R. at 96, 185.)  Kelley claimed that he is

disabled due to a bulging cervical disc, prostate infection, depression, hiatil hernia,[1] joint

pain, irritable bowel syndrome, degenerative disc disease, and chronic pain.  (R. at

223.)  His application was denied on June 29, 2012.  (R. at 139.)  Kelley requested and

received a hearing in front of an ALJ, William Musseman.  (R. at 109, 146.)  As far as

Kelley's medical conditions go, the hearing focused mostly on the claim that his joints

slip out of place easily, causing pain and limiting his ability to perform many physical

tasks.  (R. at 113–16.)  On June 6, 2013, the ALJ issued a written decision in

accordance with the Commissioner's five-step sequential evaluation process.[2]

At step one, the ALJ found that Kelley had not engaged in substantial gainful

activity since February 15, 2012.  (R. at 98.)

---

[1] "Hiatal hernia is a condition in which part of the stomach extends through an opening [in] the diaphragm into the chest. . . .  The problem occurs often in people over 50 years old. [¶] This condition may cause reflux (backflow) of gastric acid from the stomach into the esophagus."  U.S. National Library of Medicine, "Hiatal hernia," at https://www.nlm.nih.gov/medlineplus/ency/article/001137.htm (last accessed Oct. 9, 2015).

[2] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

At step two, the ALJ found that Kelley suffered from "the following severe

impairments: degenerative disc disease of the lumbar, cervical and thoracic spine."

(*Id.*)

At step three, the ALJ found that Kelley's impairments, while severe, did not

meet or medically equal any of the impairments listed in the Social Security regulations.

(R. at 99–100.)

Before proceeding to step four, the ALJ assessed Kelley's residual functional

capacity ("RFC").  The ALJ concluded that Kelley has the RFC "to perform light work as

defined in 20 CFR 416.967(b) except that the claimant: can occasionally bend, squat and

kneel; can occasionally do overhead work; cannot climb ladders or scaffolds, and requires

non-complex tasks."  (R. at 100.)  Then, at step four itself, the ALJ concluded that Kelley's

RFC does not permit him to resume any of his past relevant work.  (R. at 102.)

At step five, the ALJ determined that Kelley's RFC enabled him

> to perform the requirements of representative occupations
> such as: storage facility rental clerk[,] with approximately
> 30,000 positions in the national economy and approximately
> 300 positions occurring in Colorado; parking lot attendant,
> with approximately 64,000 positions in the national economy
> and approximately 550 positions occurring in Colorado[;] and
> information clerk, with approximately 150,000 positions in
> the national economy and approximately 1,200 positions
> occurring in Colorado.

(R. at 102–03.)  Accordingly, the ALJ found that Kelley was not disabled and therefore

not entitled to Social Security benefits.  (R. at 103.)

Kelley appealed to the Social Security Appeals Council (R. at 61), which denied

review (R. at 1).  Kelley then filed this action seeking review of the ALJ's June 6, 2013

decision.  (ECF No. 1.)

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial

evidence in the record as a whole supports the factual findings and whether the correct

legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Substantial evidence is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.  *Id.*  "It requires more than a scintilla, but less than a

preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not

substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*,

399 F.3d 1257, 1261–62 (10th Cir. 2005).  In reviewing the Commissioner's decision,

the Court may neither reweigh the evidence nor substitute its judgment for that of the

agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if

the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a

lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir.

1993).

## III.  ANALYSIS

Kelley's challenges to the ALJ's decision focus entirely on the ALJ's allegedly

flawed evaluation of an opinion submitted by Ronald J. Jendry, M.D., a physician who

examined Kelley at the Commissioner's request in June 2012.  (ECF No. 13 at 10–16.)[3]

Kelley believes that but for the ALJ's alleged errors, the ALJ would have realized that

Kelley's RFC is much more limited and in fact deprives Kelley of the ability to perform

any relevant work, thus mandating a finding of "disabled."

---

[3] All ECF page citations are to the page number in the ECF header, which does not
always match the document's internal pagination.

Kelley offers two arguments why the ALJ erred with respect to Dr. Jendry's opinion.  The Court will discuss each in turn.

## A.   "Above Stated Light Exertional Level"

Dr. Jendry opined that Kelley cannot lift 10 pounds.  (R. at 333.)  The ALJ noted this when summarizing Dr. Jendry's opinion.  (R. at 101.)  The ALJ then explained his reasons for giving essentially no weight to Dr. Jendry's opinion (discussed further in Part III.B, below).  Finally, the ALJ concluded as follows: "However, in giving the claimant the maximum benefit of the doubt, the undersigned will find that he is limited to the above stated light exertional level and, due to his pain complaints, limited to non-complex tasks."  (R. at 101.)

Kelley focuses on the phrase "above stated light exertional level," arguing that it displays an error.  Kelley believes "above stated" refers to the ALJ's summary of Dr. Jendry's opinion.  But, says Kelley, Dr. Jendry concluded that Kelley could not lift 10 pounds, whereas the "light exertional level" requires an ability to lift up to 20 pounds.  (ECF No. 13 at 12–13.)  Thus, says Kelley, the ALJ (I) apparently misread or misremembered Dr. Jendry's opinion, or (ii) failed to properly explain the weight he was giving to Dr. Jendry's opinion, or (iii) engaged in an impermissible "pick and choose," selecting portions of Dr. Jendry's opinion that supported his conclusion and rejecting others.  (*Id.* at 13–14, 16.)  Kelley asserts that, if the ALJ had adopted Dr. Jendry's 10-pound limitation, Social Security regulations would dictate a limit to sedentary work, which would rule out all possible jobs for him.  (*Id.* at 5–6.)

The Court agrees with the Commissioner that Kelley misunderstands "above

stated." (*See* ECF No. 14 at 7–8.)  It does not refer to the ALJ's summary of

Dr. Jendry's opinion.  Rather, it refers to the ALJ's previously stated RFC: "light work as

defined in 20 CFR 416.967(b) except that the claimant: can occasionally bend, squat

and kneel; can occasionally do overhead work; cannot climb ladders or scaffolds, and

requires non-complex tasks."  (R. at 100.)  Thus, Kelley's basic premise fails, and the

Court therefore need not address the arguments based on that premise.

**B.      Weight Given to Dr. Jendry**

Kelley also argues that the ALJ improperly evaluated Dr. Jendry's opinion, even

apart from the "above stated" error.  The ALJ's full treatment of Dr. Jendry's opinion is

as follows:

> Dr. Jendry noted that, despite the claimant's complaints of
> severe pain, fatigue and inability to lift more than 10 pounds,
> he has no limitations with activities of daily living, reading,
> watching television, taking short walks and visiting with
> friends every other day.  Upon examination, Dr. Jendry
> found that although the claimant walks with a short antalgic
> gait, he did not use a cane and he was coordinated.  Upon
> range of motion of his cervical and lumbar spine, the
> claimant expressed a lot of pain.  However, he had no
> cervical, thoracic, lumbar or sacral spinous process
> tenderness to palpation or in [the] accompanying paraspinal
> area.  He also had no sacroiliac joint, ischial tubercle or iliac
> wing tenderness with palpation.  His strength was 5/5 of his
> bilateral upper and lower extremities.  Functionally,
> Dr. Jendry opined that the claimant can only stand and sit up
> to four hours, and walk up to three hours, in an eight-hour
> day.  He cannot lift more than 10 pounds.  The claimant
> cannot bend, squat or stoop.  The undersigned gives
> Dr. Jendry's opinion little weight.  Dr. Jendry apparently
> relied quite heavily on the subjective report of symptoms and
> limitations provided by the claimant, and seemed to
> uncritically accept as true most, if not all, of what the
> claimant reported.  Dr. Jendry's opinion also contrasts
> sharply with the other evidence of record which renders it
> less persuasive.  For example, imaging of the claimant's

> spine only revealed mild findings. Furthermore, repeat
> examinations did not indicate any significant findings, but
> only some tenderness.

(R. at 101.)

Kelley argues that the ALJ essentially substituted his lay opinion for Dr. Jendry's

expert opinion, and that the ALJ improperly discounted Dr. Jendry's opinion through an

implicit finding that Kelley himself was not credible. (ECF No. 13 at 14–15.) Kelley,

however, does not challenge the ALJ's finding that Dr. Jendry's opinion was

inconsistent with other record evidence. *See* 20 C.F.R. § 416.927(c)(4) (ALJ must

evaluate, among other things, whether a physician gives an opinion that is "consistent

. . . with the record as a whole"). As the ALJ had previously noted, imaging showed

only mild to moderate anatomical abnormalities; examinations showed good strength,

normal range of motion, and only occasional mild tenderness; and Kelley only "sparsely

and sporadically complained and sought treatment for back pain or related symptoms."

(R. at 100–01.) Moreover, Kelley refused recommended treatment such as physical

therapy. (R. at 101.)

Thus, even if the ALJ committed the errors asserted by Kelley (which the Court

does not decide), the Court finds under the substantial evidence standard that the ALJ's

opinion remains adequately supported, and so any error in weighing Dr. Jendry's

opinion was harmless.

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

The Clerk shall enter judgment in favor of the Commissioner and shall terminate this

case.

Dated this 16th day of October, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge